**In re DANA W.**

**No. 90–535–A.**

Supreme Court of Rhode Island.

April 5, 1991.

James E. O'Neil, Atty. Gen., Angela B. Ferrucci, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Alton William Wiley, Cooper & Sanchez, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument pursuant to an order directing the respondent to appear in order to show cause why the issues raised in this appeal should not be summarily decided.

The respondent had appealed from an adjudication of delinquency entered by a justice of the Family Court on petitions alleging first-degree sexual assault, intimidation of a witness, and kidnapping. Evidence submitted before the Family Court indicated that respondent and two confederates seized the victim and dragged her into an apartment where they subjected her to sexual penetration and performed fellatio upon her for a period of four to six hours. The three young men were joined in this activity by a fourth young man who was already in the apartment when they arrived. After the sexual assaults had been completed and as the early light of day began to dawn, the assailants untied the victim's hands, at which time respondent pushed her face into the wall and threatened to kill her if she went to the police. Thereupon the victim fled from the building and shortly thereafter encountered a police car. The police returned to the apartment with the victim and found two young men, one of whom the victim identified as having participated in the assault upon her. This person was later identified as respondent. The victim also later identified respondent in a lineup at the police station.

After hearing the arguments of counsel, examining the memoranda filed by the parties, and reviewing the evidence submitted before the Family Court, we are of the opinion that the trial justice did not err (1) in admitting the victim's identification testimony in court; (2) in finding the victim's testimony to be credible; and (3) in denying the motion for judgment of acquittal on the kidnapping charge.

The initial showup in the apartment was not a violation of due process in the circumstances because it was not un-

necessarily suggestive. *See Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The showup took place within one-half hour of the victim's leaving the apartment. As in *Stovall,* an immediate confrontation in the apartment was necessary in order to determine whether one or more of the perpetrators was still present. Moreover, the victim had an independent source for her identification, and in the totality of circumstances, the trial justice was correct in finding her identification to be reliable. *See Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We also concur with the finding of the trial justice that the act of kidnapping was a separate offense and not merely incident to the sexual assault. The victim was forced to drive to the apartment where the sexual assault took place. She was dragged up the stairs and tied prior to the sexual assault and left tied for a period of approximately two hours between the first and the second round of sexual assaults. This evidence was sufficient to establish the independent significance of the kidnapping and to overcome the motion for judgment of acquittal.

For the reasons stated, the respondent's appeal is denied and dismissed. The adjudication of delinquency is affirmed, and the papers in the case may be remanded to the Family Court.